[No. 8586–1–II.   Division Two.   December 19, 1986.]

*In the Matter of the Marriage of* GEORGE HUMMELL
McLAUGHLIN, *Respondent, and* VICTORIA IRENE
McLAUGHLIN, *Appellant.*

*John C. Kouklis, Gary W. Wilburn,* and *Davies Pearson,
P.C.,* for appellant.

*Michael Pate* and *Gelman, Couture & Pate,* for respondent.

ALEXANDER, J.—Victoria McLaughlin appeals an order of
the trial court denying her motion for reconsideration. We
affirm the trial court, holding that it correctly ruled that
Victoria was entitled to only 10 percent interest on a 1981
judgment.

The facts of this case are not disputed. On May 22, 1981,
the Pierce County Superior Court granted a decree dissolv-
ing Victoria's marriage to George McLaughlin. The decree
awarded Victoria a judgment against George in the amount
of $60,000. However, the decree did not provide for any
interest on the judgment. Victoria appealed the decree to

Division One of this court and that court ruled that Victoria was entitled to the statutory interest rate payable on "judgments."

Upon remand to superior court, the trial court ordered that George pay interest on the judgment at the rate of 10 percent per annum from the date of the judgment, notwithstanding the fact that the statute governing interest on judgments, RCW 4.56.110, had been amended in 1982 to increase the rate of interest on judgments to 12 percent per annum. Victoria moved for reconsideration of that decision, and her motion was denied.

Victoria contends that the trial court erred in failing to award 12 percent interest on the judgment from June 10, 1982, the effective date of the amendment to RCW 4.56-.110. We disagree.

■ The precise issue presented in this case was recently addressed in *Puget Sound Nat'l Bank v. St. Paul Fire & Marine Ins. Co.*, 32 Wn. App. 32, 645 P.2d 1122, *review denied*, 97 Wn.2d 1036 (1982). In that case, the court focused on an earlier amendment to RCW 4.56.110 that increased the statutory rate of interest on judgments from 8 percent per annum to 10 percent per annum. Puget Sound National Bank claimed that the amendment, which was effective after the date of the judgment, should apply to elevate the interest on the judgment to 10 percent from the effective date of the amendment. The court in *Puget Sound* was called upon to interpret the following language in RCW 4.56.110.

Interest on Judgments. Interest on judgments shall accrue as follows:

. . .

(2) Except as provided under subsection (1) of this section, judgments shall bear interest at the rate of ten percent per annum *from the date of entry thereof:* . . .

(Italics ours.)

The court in *Puget Sound* recognized that a legislative body may provide that a new interest rate will apply to existing judgments as well as those entered after the act's

effective date. However, the court found that the language of the statute indicated that the Legislature expressly provided that the new rate apply only to judgments entered *after* the date of the amendment. The court said:

By providing that the interest rate as amended will apply to a judgment "from the date of entry thereof," the Legislature manifested an intent that the new interest rate apply *only* to judgments entered *after* the act's effective date.

(Italics ours.) *Puget Sound Nat'l Bank,* 32 Wn. App. at 48.

This case is indistinguishable from *Puget Sound.* The 1982 amendment to RCW 4.56.110, like the earlier amendment discussed in *Puget Sound,* changed only the rate of interest. In this case the change was from 10 percent to 12 percent.[1] We believe, as did the court in *Puget Sound,* that the Legislature clearly intended that the new rate only apply to judgments entered after the date of the amendment.[2]

Victoria argues that because Division One earlier ordered that she receive statutory interest on the $60,000 judgment at the rate payable on "judgments," rather than on the "judgment," this indicated that the court was ordering a departure from its decision in *Puget Sound.* Frankly, we are not inclined to place any significance on Division One's use of the word "judgments" because the court was not addressing the interest rate issue when it remanded this case to the trial court.

Victoria also contends that *Puget Sound* should not be followed because it is inconsistent with the early case of

---

[1]RCW 4.56.110, as amended in 1982, provided:

"(2) Except as provided under subsection (1) of this section, judgments shall bear interest at the rate of twelve percent per annum from the date of entry thereof . . ." Laws of 1982, ch. 198, § 1.

[2]RCW 4.56.110 has since been amended consistent with the interpretation placed on the statute by the court in *Puget Sound:*

"(2) Except as provided under subsection (1) of this section, judgments shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52.020 *on the date of entry thereof* . . ." (Italics ours.)

*Palmer v. Laberee,* 23 Wash. 409, 63 P. 216 (1900). She calls our attention to the opinion's headnote, which indeed contains language indicating that a judgment should draw interest at the legal rate specified by the statute, and that the specified rate varies from time to time with any alterations in the legal rate made by statute. In *Palmer,* the court focused on legislative enactments in the years 1895 and 1899 that successively reduced the interest rate on judgments from 8 percent per annum to 7 percent per annum (1895) and then to 6 percent per annum (1899).[3]

A closer reading of *Palmer* reveals, however, that the case principally stands for the proposition that where the balance due on a promissory note, which contains no provision for interest after maturity, is reduced to judgment, and the judgment contains no recital of interest, it draws interest at the legal rate specified by statute for judgments. This holding is clearly consistent with the holding in *Puget Sound.* The court in *Puget Sound* even cited the *Palmer* decision as support for the proposition that the right to interest on judgments is not a matter of contract, but rather a "matter of legislative discretion." *Puget Sound,* 32 Wn. App. at 48.

Victoria correctly observed that the court in *Palmer* did compute the interest in a way that reflected the downward changes in the interest rate in 1895 and 1899. However, the court did not directly discuss its reasons for doing so, and we cannot read into the case any pronouncements on the law beyond its clear holding that judgments shall bear interest at the rate specified in the statute.[4] The statutory rate of interest on judgments on the date that Victoria obtained her judgment was 10 percent per annum. The trial

---

[3]The statutory language establishing the interest rate on judgments was identical in all material respects to the language of RCW 4.56.110. (Laws of 1893, p. 29; Laws of 1895, p. 350; Laws of 1899, p. 129.) *See also Palmer,* 23 Wash. at 417–18.

[4]While *Palmer v. Laberee* has been cited through the years for other propositions, it has never been cited in Washington for the proposition that the interest rate on judgments varies from time to time with subsequent alterations in the statutory interest rate on judgments.

court correctly limited Victoria's interest to 10 percent per annum.

We affirm.

WORSWICK, C.J., and REED, J., concur.